UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULA G. LAND, PhD.,

        Plaintiff,

vs.                                                      CIV 00-1396 KBM/WWD – ACE

SCOTTSDALE INSURANCE COMPANY,
an Arizona Corporation,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. This suit and the pending cross-motions for summary judgment turn on a single issue: whether New Mexico law permits an insurer to cancel a psychologist's malpractice insurance when the psychologist's license is revoked. Under the circumstances of this case, I find it does. Consequently, Defendant's motion will be granted and Plaintiff's motion denied, and this action will be dismissed with prejudice.

The material dispositive facts are not in dispute. The plaintiff psychologist ("Dr. Land") was granted a license to practice in New Mexico in 1986. In July 1999, the New Mexico Board of Psychology Examiners ("Board") notified her that a former patient had lodged a complaint and that the Board contemplated suspension or revocation of her license. In October 1999, Dr. Land applied to have her malpractice insurance renewed, noting that a patient had filed a complaint against her in the past year. Defendant issued a one-year policy beginning December 1, 1999.

At the revocation hearing, Plaintiff admitted that she had engaged in a "personal/sexual" relationship with the former patient. Dr. Land told the Board that she believed the only thing that may have been inappropriate about the relationship was getting involved inside of a two-year period after therapy ended, a practice condemned by the American Psychological Association Ethical Principles of Psychologists and Code of Conduct Standard 4.07. On February 3, 2000, the Board issued a written decision revoking Plaintiff's license. It ordered her to "surrender her license and cease her practice within thirty (30) days of the date of this order."

Plaintiff filed a notice of appeal of the Board's decision on February 17, 2000. She did not secure a stay of the Board's decision until April 10, 2000, however. Thus, from March 4th until April 10th of 2000, Dr. Land was without a license to practice psychology in New Mexico. Ultimately in January of this year, the state district court reversed the Board's decision on procedural grounds and ordered reinstatement of Dr. Land's license.

On March 3, 2000, Defendant notified Plaintiff that because of the license revocation, her malpractice insurance policy would be canceled effective April 6, 2000. As of the date of the final written decision by the Board ordering her to surrender her license, Plaintiff's policy had been in effect for sixty-four days. Under New Mexico law, if an insurance policy has been in effect for more than sixty days, an insurer cannot

> cancel ***except for reasonable cause*** such policies ***and for such causes,*** and with advance notice of cancellation for such period of time, ***as may from time to time be provided by rules and regulations of the superintendent.*** Such rules and regulations may also require that statement of the reasons for such cancellation be contained in the notice of cancellation given to specified persons.

2

N.M. STAT. ANN. § 59A-18-29(C) (emphasis added).  The relevant administrative rule provides in pertinent part:

> 8.1  If a policy of insurance has been in effect for sixty (60) days or more, an insurer may cancel the policy if there has been a substantial change in the risk assumed by the insurer since the policy was issued. . . .
>
> 8.2.  If a policy of insurance has been in effect for sixty (60) days or more, an insurer may cancel the policy *only* for one or more of the following reasons:
>
> 8.2.1  The policy was obtained through material misrepresentations, fraudulent statements, omissions or concealment of fact material to the acceptance of the risk or to the hazard assumed by the insurer;
>
> 8.2.2  Willful and negligent acts or omission by the insured have substantially increased the hazards insured against;
>
> 8.2.3  Revocation or suspension of driver's license of the named insured or other operator who either resides in the same household or customarily operates the vehicle; or
>
> 8.2.4  The named insured presented a claim based on fraud or material representation.

13 N.M. ADMIN. RULE § 8.4.8 (emphasis added).  The statute and rule apply to professional malpractice insurance by virtue of how "casualty" insurance is defined.  *See* N.M. STAT. ANN. § 59A-7-6(10); 13 N.M. ADMIN. RULE § 8.4.7.2

Defendant argues that withdrawal of an insured's license substantially increases the risk of the insurer as required by § 8.4.8.1.  Further, Defendant urges that this situation falls within § 8.4.8.2.2 of the rule because revocation of Plaintiff's license was directly the result of Dr. Land's willful misconduct with a former client.

As the case before me is based on diversity, I must predict "how the state's highest court would rule" and in the absence of any decision on point, may use "policies underlying the applicable legal doctrines" to inform my analysis. *Daitom, Inc. v. Pennwalt Corp.,* 741 F.2d 1569, 1574-1575 (10th Cir. 1984) (citations omitted); *see also Adams v. LeMaster,* 223 F.3d 1177, 1182 (10th Cir. 2000), *cert. denied,* 121 S. Ct. 1198 (2001). The parties have not cited, nor have I found, any New Mexico or other cases directly on point.[1]

In order to protect the public, New Mexico prohibits practicing psychology without a license. *See* N.M. STAT. ANN. § 61-9-4.1 ("[u]nless licensed to practice . . . no person shall engage in the practice") and § 61-9-2 ("the practice of psychology affects the public health, safety and welfare and . . . appropriate regulation is necessary to protect he public;" "the purpose of the Professional Psychologist Act to insure that the public is adequately protected from the practice of psychology by unqualified persons and from unprofessional conduct by persons licensed to practice psychology"). Indeed, if Plaintiff had pursued her practice during the time her license was revoked, she would have been subject to criminal misdemeanor charges under N.M. STAT. ANN. § 6-9-14 (prison term of up to three months and a $1,000 fine for practicing during the time that license is revoked) as well as the possibility of claims of negligence *per se* for violation of the statute requiring her to be licensed while practicing. *See e.g., Acosta v. City of Santa Fe,* 129 N.M. 632, 11 P.3d 596 (N.M. App.) (and cases cited therein re: breach of statutory duty as negligence *per se*), *cert. denied,* 129 N.M. 599, 11 P.3d 563 (2000) ; *compare Garcia v. Dorey,*

---

[1] In *Corbin v. State Farm Ins. Co.,* 109 N.M. 589, 788 P.2d 345 (1990), the insureds argued that they were not given a specific reason for cancellation in the notice and the New Mexico Supreme Court found that § 59A-18-29 itself does not require that a reason be stated. However, the insureds in *Corbin* did not assert the insurance company lacked "reasonable cause" nor did the court discuss any rules or regulations.

*Dickason, Sloan, Akin & Robb,* 106 N.M. 757, 750 P.2d 118 (1988) (private right of action does not lie for claim of violation of professional code of conduct or attorney oath and negligence *per se* analogy not applicable because cause of action exists in first instance for such claims).

The purpose of the insurance policy at issue was to provide coverage for liability arising out of Dr. Land's professional practice of psychology.  It is undisputed that at the time Defendant made its decision to cancel her insurance, Dr. Land had admitted engaging in the acts underlying the Board's decision to revoke her license.  As of the effective date of the cancellation of the policy, Plaintiff's license had remained revoked, no stay of the Board's action was in place, and the state district court had not yet reinstated Plaintiff's license to practice.  Given the policies underlying the psychologist licensing requirement and penalties for violating the requirement, the license revocation necessarily represented a "substantial change in the risk assumed by the insurer since the policy was issued" as required by 13 N.M. ADMIN. RULE § 8.4.8.1.   No expert opinion is required to reach this conclusion –  it is a matter of common sense.

Plaintiff nonetheless maintains that § 8.4.8.2 of the rule sets forth the exclusive reasons that qualify as "reasonable cause" for cancellation pursuant to N.M. STAT. ANN. § 59A-18-29. Dr. Land relies on the failure of the rule to specifically identify "revocation of a professional license" as a sufficient justification.  I find, however, that the circumstances presented in this case satisfy the dictates of § 8.4.8.2.2.  The license revocation "substantially increased the hazards insured against" and that revocation was based on the "willful and negligent acts or omissions by the insured" to which Dr. Land had admitted to the Board.

I find additional support for this proposition in § 8.4.8.2.3 of the administrative rule.  That section expressly permits cancellation of insurance on revocation or suspension of a driver's

license. Thus, by analogy, the rule recognizes that the risks to an insurer can be significantly increased when a mandated license for an insured activity has been withdrawn by the state. In sum, I find that there are no material issues of fact in dispute and that Defendant is entitled to judgment as a matter of law.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Cross-Motion For Summary Judgment *(Doc. 39)* is GRANTED, Plaintiff's Motion For Partial Summary Judgment *(Doc. 24)* is DENIED and that a final order dismissing this action enter concurrently herewith.

**IT IS FURTHER ORDERED** that the Pre-Trial Conference set for September 24, 2001 and Trial set for October 24, 2001 (in Albuquerque) are hereby vacated.

/s/ Karen B. Molzen
UNITED STATES MAGISTRATE JUDGE
(Presiding by consent of the parties)